IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| NIKKOLE M. BALLEW, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>RANDSTAD INHOUSE SERVS., L.P., )<br>)<br>and )<br>)<br>ER SOLUTIONS, INC. )<br>)<br>    Defendants. ) | CIVIL ACT. NO.  2:11cv13-CSC<br>(WO) |

**MEMORANDUM OPINION AND ORDER**

Now pending before the court is the motion to dismiss or compel (Doc. 49) filed by Defendant Ranstad Inhouse Services, LP.  Also pending before the court is the motion to dismiss or strike the complaint or apply adverse inferences or compel and for other relief (Doc. 50) filed by Defendant ER Solutions, Inc.  The Defendants seek dismissal of this case and other sanctions on grounds that the Plaintiff, Nikkole M. Ballew, has not appeared for her deposition and has failed to prosecute this case.

Pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1, the parties have consented to a United States Magistrate Judge conducting all proceedings in this case and ordering the entry of final judgment.  (Docs. 15 & 16).  For the reasons stated in this memorandum opinion, and for good cause, the court concludes that the Defendants' motions to dismiss are due to be granted to the extent that this case should be dismissed without prejudice for failure to prosecute.

**Standard of Review**

"A district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991).  Under Federal Rule of Civil Procedure 41(b), a district court has discretion dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order."  Fed. R. Civ. P. 41(b).  "The court's power to dismiss [under Rule 41(b)] is an inherent aspect of its authority to enforce its orders and insure prompt disposition of lawsuits."  *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) (citing *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630–31 (1962); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)).  "'The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court.'" *Equity Lifestyle*, 556 F.3d at 1240 (quoting *Durham v. Fla. E. Coast Ry. Co.*, 385 F.2d 366, 367 (5th Cir. 1967)[1]).

Whether to dismiss a complaint under Rule 41(b) "is a matter committed to the district court's discretion."  *Id*. at 1240 n.14 (citing *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999)).  "The legal standard to be applied under Rule 41(b) is whether there is a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." *Goforth*, 766 F.2d at 1535(quoting *Jones*, 709 F.2d at 1458).

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

"The district court also has broad authority under Rule 37 to control discovery" and to impose sanctions, including dismissal, for a party's failure to cooperate in discovery. *Gratton*, 178 F.3d at 1374; *see also* Fed R. Civ. P. 16(b) (authorizing the court to impose sanctions pursuant to Rule 37 for a party's "fail[ure] to obey a scheduling or other pretrial order"). "Rule 37 sanctions are intended to prevent unfair prejudice to the litigants and insure the integrity of the discovery process." *Gratton*, 178 F.3d at 1374 (citing *Aztec Steel Co. v. Fla. Steel Corp.*, 691 F.2d 480, 482 (11th Cir. 1982)). When imposing sanctions under Rule 37 for a party's failure to appear at her own properly-noticed deposition, "the court must require the party failing to [appear] . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

## Facts[2] and Procedural History

Randstad Inhouse Services, L.P., ("Randstad") provides temporary staffing services to ERS Solutions, Inc. ("ERS"). (Doc. 49-1 p. 1). On November 30, 2009 Randstad hired Ballew and assigned her to work at ERS as a customer service representative. (Doc. 28 ¶ 18). On June 21, 2010, ERS terminated Ballew's employment. (Doc. 28 ¶ 21).

On or around July 13, 2010, Ballew filed charges of discrimination against Randstad

---

[2] Some documents before the court contain serious allegations that Ballew testified falsely under oath at her deposition regarding her education, professional background, licenses, and qualifications. (Doc. 50-2). Even though Ballew has not answered or opposed those allegations, at this stage in the proceedings the court is not making any credibility determinations, and the court is not accepting any of the documents before the court as proof that Ballew in fact lied or otherwise made any material misrepresentations. To the extent necessary, the court has set forth the contents of those documents solely for purposes of establishing the procedural posture of this case.

and ERS before the Equal Employment Opportunity Commission ("EEOC"). (Doc. 18 ¶ 3). The record does not contain copies of Ballew's EEOC charges.

On October 7, 2010, the EEOC issued Ballew a notice of dismissal and right to sue with respect to her charge of discrimination against Randstad only. (Doc. 18 ¶ 4).

On January 5, 2011, Ballew filed a complaint against Randstad[3] alleging employment discrimination and retaliation on the basis of gender in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq*. Specifically, Ballew alleged that her male supervisor at ERS sexually assaulted her and made unwanted sexual advances to her; that the male supervisor retaliated against her for resisting his advances and for reporting his conduct to ERS; and that, on June 21, 2010, ERS terminated her employment in retaliation for reporting the supervisor's behavior. (Doc. 1).

On April 19, 2011, the court entered a scheduling order setting December 6, 2011 as the deadline for the filing of dispositive motions; setting February 21, 2012 as the deadline for the completion of discovery; and setting the case for trial on April 16, 2012. (Doc. 17).

On May 16, 2011, Ballew filed a motion to stay these proceedings pending the disposition of the EEOC's investigation of her discrimination charge against ERS. (Doc. 18). On June 7, 2011, the court denied Ballew's motion to stay. (Doc. 22).

On July 13, 2011, the EEOC issued Ballew a notification of the right to sue with respect to her charge of discrimination against ERS. (Doc. 25 ¶ 6). On August 1, 2011, with

---

[3] Ballew's initial complaint incorrectly identified Randstad as "Randstad Staffing Services, L.P." (Doc. 1). Ballew later amended her complaint to correct the error. (*See* Doc. 25 ¶ 11; Doc. 27; Doc. 28).

4

leave of court, Ballew filed an amended complaint reasserting her discrimination claims and naming ERS as an additional defendant. (Doc. 28).

On September 15, 2011, the parties jointly moved for an extension of the deadlines in the court's scheduling order in light of the addition of ERS as a defendant. (Doc. 37). After holding a status and scheduling conference on the motion (Doc. 38; Doc. 40), the court entered a new scheduling order (Doc. 39) extending the deadline for dispositive motions to April 9, 2012; extending the deadline for discovery to June 25, 2012, and extending the trial date to August 20, 2012.

On February 9, 2012, Ballew's counsel filed a notice of withdrawal citing Rule 11, Fed. R. Civ. P., as grounds for the withdrawal. (Doc. 45). Ballew's counsel stated that, on February 8, 2012, he had informed Ballew of his intent to withdraw and his reasons for the withdrawal. *Id*. Counsel also stated Ballew had consented to his withdrawal from the case. *Id*.

On February 13, 2012, the court entered an order (Doc. 46) granting the motion to withdraw, ordering that the case be stayed for a period of thirty days to allow Ballew to secure other counsel, and further stating:

> The plaintiff is specifically advised that, regardless of whether she is able to retain counsel, the court will move this case forward even if she must proceed *pro se*.

(Doc. 46).

On March 15, 2012, counsel for ERS sent Ballew a letter via Federal Express with

delivery confirmation. (Doc. 50-2 p. 7). The letter stated:

> Dear Ms. Ballew:
>
> The Court allowed you 30 days to obtain a lawyer to represent you in the above captioned case. That 30 days has now expired and no lawyer has filed an appearance in your behalf. Pursuant to the Court's Order, you are now a *Pro Se* Plaintiff and, on behalf of Defendant ER Solutions, Inc., we are entitled and obliged to contact you directly.
>
> This letter constitutes ERS' demand that you voluntarily dismiss this lawsuit in its entirety with prejudice by signing and returning the enclosed "Stipulation to Dismiss with Prejudice" by close of business March 24, 2012.
>
> NOTICE OF INTENT TO SEEK DISMISSAL AND SANCTIONS FOR PERJURY AND VIOLATION OF RULE 11, FEDERAL RULES OF CIVIL PROCEDURE.
>
> Pursuant to the terms of Rule 11 Federal Rules of Civil Procedure and Federal civil and criminal statutes governing perjury, please be on NOTICE that, if you persist in maintaining this lawsuit, ERS will move the Court for dismissal of this case and [an] award of monetary sanctions against you based upon documentary evidence establishing perjury.
>
> False statements in violation of your oath and obligation to testify truthfully include but are not limited to the following:
>
> 1.   False testimony that you completed four years of high school and received a high school diploma from Van Horn High School in Kansas City, Missouri in 1992.
>
> Fact:   You dropped out of High School after completing only several days in the Eleventh Grade. In Tenth Grade your grades for the first and second semesters were 100% "Fs." [sic]
>
> 2.   You testified (falsely) that you earned an "Associates Degree" in Business from Colorado University in 1997, 2000 [sic].
>
> Fact:   ERS submits and will show present records showing that you most certainly did not earn an "Associates Degree – Business."

6

3. You testified, falsely, that you obtained a "real estate license" in Colorado.

Fact: ERS will show the Court that this false claim was perjury. State of Colorado real estate licensing documents demonstrate that Nikkole Ballew never, at any time, was granted a real estate license from the State of Colorado.

4. ERS will show the Court that you falsely testified that you obtained a "medical insurance coding license" in 2006 via training at, and certification from, "Concord Institute."

Fact: ERS will show that this testimony is 100% false. You never completed any course work whatsoever at Concord; never obtained any certification; and have never obtained a "medical insurance coding license."

5. ERS will show the Court that you falsely testified that you had a "pharmacy license" issued to you by the State of Kansas; and that you worked as a licensed pharmacy tech at the University of Kansas Medical Center.

Fact: The State of Kansas and University of Kansas Medical Center records demonstrate this testimony is false. University records demonstrate that you have never been employed by the University Medical Center. Kansas records demonstrate that you were never licensed by the State of Kansas as a "pharmacy tech."

6. You claimed to have a degree from the University of Phoenix.

Fact: The records of the University of Phoenix demonstrate that you never obtained a degree and in fact never took any course work at such University.

You can avoid ERS' claims against you based upon the false testimony by signing the attached Stipulation to Dismiss with Prejudice, and returning the document in the enclosed self-addressed envelope. If you sign and return this Stipulation, ERS will file such with the Court and the Court will issue an Order dismissing this case in it[]s entirety with prejudice.

> Please advise promptly and return the enclosed document promptly i[f] you wish to avoid further proceedings.

(Doc. 50-2 p. 27).

Attached to ERS's March 15, 2012 letter to Ballew was a prepared stipulation of dismissal with prejudice. (Doc. 50-2 pp. 7, 29). The prepared stipulation was signed by counsel for ERS and by counsel for Randstad, and was otherwise fully completed and ready to file except for a blank space for Ballew's signature. (Doc. 50-2 p. 29).

On April 5, 2012, ERS sent Ballew a notice that it would resume taking her deposition on May 2, 2012. (Doc. 49-2).

Also on April 5, 2012, Randstad and ERS moved to extend all deadlines in the court's scheduling order. (Doc. 47). In the motion, Randstad and ERS stated:

> 1. Defendants diligently pursued and completed written discovery prior to the time that Plaintiff's attorney moved to withdraw from representation of the Plaintiff.
>
> 2. Defendants diligently conducted the deposition of the Plaintiff on February 8, 2012 which such [sic] deposition was adjourned at the request of Plaintiff's then-attorney.
>
> 3. On February 9, 2012, one day after the deposition was adjourned, Plaintiff's attorney filed his Motion to Withdraw as Plaintiff's lawyer.
>
> 4. By order of February 13, 2012 ([Doc.] 46) the Court allowed counsel to withdraw and allowed Plaintiff thirty (30) days to obtain successor counsel.
>
> 5. Immediately upon expiration of that 30-day period, Defendants have repeatedly attempted to make contact with Plaintiff via [F]ederal [E]xpress letter and telephone, however Plaintiff has made no response.

    6.       In order to proceed to summary judgment proceedings, Defendants will require the transcript of Plaintiff's February 8 deposition and will be required to notice and complete Plaintiff's deposition.

. . . .

    8.       Particularly in light of the withdrawal of Plaintiff's counsel and Plaintiff's refusal to respond to Defendants' contacts, no party is prejudiced by the requested extension.

(Doc. 47).

On April 5, 2012, the court entered the following order granting the Defendants' motion to extend the deadlines in the scheduling order:

> On February 13, 2012, the court entered an order granting the plaintiff's attorney's motion to withdraw (Doc. 45) and staying this case for a period of thirty (30) days to allow the plaintiff to secure counsel to represent her in this matter. (Doc. 46) It now appears that the stay has expired and the plaintiff has not secured counsel. Accordingly it is
>
> **ORDERED** that the stay previously entered be and is hereby **LIFTED**. **The plaintiff is specifically advised that, regardless of whether she is able to retain counsel, the court will move this case forward even if she must proceed** *pro se*.
>
> Further, having considered the joint motion to amend the scheduling order (Doc. 47), and for good cause, it is
>
> **ORDERED** that the motion to amend the scheduling order (Doc. 47) be and is hereby **GRANTED** as follows:
>
> 1.       That the uniform scheduling order (Doc. 39) previously entered by this court on September 28, 2011 be and is hereby **VACATED**.
>
> 2.       That all discovery as authorized by Federal Rules of Civil Procedure Rules 26-37, and 45, be completed on or before June 4, 2012.
>
> 3.       That any dispositive motions such as motions to dismiss or motions for

>    summary judgment and any evidentiary materials in support of the
>    motions shall be filed on or before July 2, 2012.
>
> 4. In all other respects, that the joint motion to amend the scheduling order
>    (Doc. 47) be and is hereby **DENIED**.

(Doc. 48) (emphasis in original).

On April 27, 2012, counsel for ERS mailed Ballew the following letter:

> Dear Ms. Ballew:
>
> This serves as Re-Notice of two important DUE DATES confirmed by Judge Coody's scheduling order:
>
> May 1, 2012: Court required Settlement Meeting. Defendant ER Solutions' Position: ER Solutions will allow you to DISMISS WITH PREJUDICE and will agree to forego pursuing its claim to Attorney's Fees, Costs, and Sanctions against you.
>
> May 2, 2012: Your deposition will resume, as noticed, per the enclosed Notice which was mailed to you on April 5, 2012.
>
> Please be advised that you are obliged to appear for your deposition as noticed.

(Doc. 49-3).

On May 2, 2012, Ballew did not appear for her deposition. (Doc. 50-2). Counsel for ERS and Randstad attended the deposition. *Id*.

On May 2, 2012, ERS sent Ballew a second notice of resumption of her deposition, setting her deposition for May 9, 2012. (Doc. 50-2 p. 54). The second notice of resumption of Ballew's deposition was enclosed with a letter from counsel for ERS advising her that the was "obliged to appear at [her] deposition as noticed." (Doc. 50-2 p. 58).

On May 9, 2012, Counsel for ERS attended Ballew's re-noticed deposition. (Doc. 50

p. 37). Counsel for Randstad Services did not attend, but communicated to counsel for ERS that he would come to the deposition if Ballew appeared. *Id*. Ballew did not appear. *Id*.

On May 31, 2012 Randstad filed a motion to dismiss Ballew's complaint with prejudice under Fed. R. Civ. P. 37 and 41(b), or, alternatively, to compel Ballew to appear at her deposition. (Doc. 49).

Also on May 31, 2012, ERS filed a motion to strike the complaint and dismiss the case with prejudice, or, alternatively, to order that all facts and inferences adverse to Ballew's claims be taken as established for the purposes of this action, or, alternatively, to compel Ballew to appear at her deposition. (Doc. 50).

On June 1, 2012, the court entered the following order:

Now pending before the court is the motion to dismiss or compel (Doc. 49) filed by [Randstad] on May 31, 2012. Also pending before the court is the motion to dismiss or to compel the Plaintiff to appear at her deposition (Doc. 50) filed by [ERS]. Upon consideration of the motions, and for good cause, it is

**ORDERED** that **on or before June 15, 2012**, Plaintiff Nikkole M. Ballew shall show cause why the motions to dismiss or compel (Docs. 49 & 50) should not be granted.

***The plaintiff is specifically advised that if she fails to comply with this order, the court will treat her failure to comply as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action and the undersigned will recommend [sic] that this action be dismissed.***

(Doc. 51) (emphasis in original).

Ballew did not respond to the court's June 1, 2012 order to show cause.

11

**Discussion**

This court has the inherent discretion to dismiss an action under Rule 41(b), Fed. R. Civ. P., for failure to prosecute if (1) the record clearly establishes the plaintiff's delay, willful contempt, or contumacious conduct and (2) lesser sanctions would not suffice. *McKelvey v. AT & T Techs. Inc.*, 789 F.2d 1518, 1520 (11th Cir.1986); *Goforth*, 766 F.2d at 1535 (quoting *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)).

**A.    The Record Clearly Establishes Ballew's Willful Delay.**

"[E]ven a non-lawyer should realize the peril to her case, when she ignores the necessity to obtain new counsel,[4] ignores numerous notices, and fails to attend hearings and depositions.  Even a non-lawyer should realize the need to communicate either with the court or with opposing counsel." *Anthony v. Marion County Gen. Hosp.*, 617 F.2d 1164, 1167-69 (5th Cir. 1980).  Moreover, twice this court expressly cautioned Ballew that, "**regardless of whether she is able to retain counsel, the court will move this case forward even if she must proceed *pro se*.**"  (Doc. 48 (emphasis in original); Doc. 46).

Nevertheless, in the nearly 5 months since her counsel withdrew, Ballew has been utterly silent and completely absent from this case.  In that time, Ballew has not made any effort to comply with her discovery obligations or to prosecute this action or in any way pursue her claims.  She has not responded to any of the Defendants' documented attempts

---

[4][Although the court expressly cautioned Ballew that this court would proceed even if she must appear *pro se* (Docs. 46 & 48), the court also, on its own motion, stayed this case for 30 days to allow her to obtain new counsel.  (Doc. 46).]

to communicate with her. She has not filed any response to the Defendants' motions to dismiss – even though the court ordered her to show cause why the motions should not be granted, and even though the court warned her in bold italics that, if she failed respond to the order to show cause, the court would "***treat her failure to comply as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action***" and the action would be dismissed. (Doc. 51) (emphasis in original). Now, despite a stay of this case to allow Ballew to obtain counsel (Doc. 46), and an amendment of this court's scheduling order to allow additional time to schedule Ballew's deposition (Docs. 47 & 48), the discovery deadline has expired with no word from Ballew.

Therefore, the record clearly establishes Ballew's willful delay and contumacious conduct. *Cf. Eades v. Ala. Dept. of Human Res.*, 298 Fed. Appx. 862, 864-65 (11th Cir. 2008) (unpublished opinion) (holding that the plaintiff engaged in a "clear pattern of delay and contumacious conduct" where she "failed on multiple occasions to comply with . . . court-ordered deadlines," "did not attempt to notify the court, in a timely manner, of the problems that she was experiencing in complying with the court-ordered deadlines or in completing discovery," and "did not file any type of motion, or undertake any other action, to apprise the district court that she . . . [was] not going to meet the deadline" even though she "was already on notice that the court could dismiss her lawsuit for failure to prosecute," and "her failure in this regard resulted in a delay of the trial proceedings;" thus, dismissal of the employment discrimination case was appropriate under Rule 41(b)); *Anthony*, 617 F.2d

at 1167-69 (upholding dismissal under Rule 41(b) where the plaintiff was aware of her attorney's withdrawal and thereafter failed to appear at two hearings and a properly-noticed deposition, made no attempt to communicate with opposing counsel or the court, "offer[ed] no explanation for having failed to" communicate, and "made no attempt to explain . . . her failure to prosecute"); *Hepperle v. Johnston*, 590 F.2d 609, 613 (5th Cir. 1979) (upholding dismissal under Rule 41(b) where the *pro se* plaintiff "not only exhibited a pattern of delay" by failing to appear for properly-noticed depositions, "but also received a warning of dismissal and refused to obey court orders to appear").

**B.    Lesser Sanctions Will Not Suffice.**

The plaintiff's complete absence and absolute silence in the months since her attorney's withdrawal leads to only one conclusion: Nikkole Ballew has totally and willfully abandoned this case. Therefore, there is absolutely no point in continuing this case without her. She is the plaintiff; the claims are her claims, and if she will not pursue them, there is nothing left to do but dismiss them. Justice will not be served by allowing this case to stagnate on the court's docket while subjecting the Defendants to prolonged uncertainty and additional legal costs on the unfounded hope that Ballew will someday desire to revive her complaint. *See Equity Lifestyle*, 556 F.3d at 1240 (holding that the power to dismiss a case under Rule 41(b) "'is necessary . . . to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court.'" (quoting *Durham*, 385 F.2d at 367); *Goforth*, 766 F.2d at 1535 (holding that lesser sanctions than dismissal "would

not have served the interests of justice" where further delay would have only served to punish the defendants).

In addition, "[t]he court's power to dismiss [for failure to prosecute] is an inherent aspect of its authority to enforce its orders and insure prompt disposition of lawsuits." *Goforth*, 766 F.2d at 1535. The court-ordered discovery and dispositive motion deadlines have already twice been amended, once to allow additional time to secure Ballew's deposition.[5] (Docs. 38, 39, 47, & 48). Despite these extensions, and despite the Defendants' more-than-sufficient efforts to obtain Ballew's deposition, the discovery deadline – and the opportunity for Ballew to provide a deposition – has now passed. This court is not required to provide further extensions on the chance that it might one day suit Ballew's convenience to attend her deposition. *Cf. Clark v. James*, 794 F.2d 595, 597 (11th Cir. 1986) ("The district judge is not required to ignore a litigant's voluntary absence from the hearing set in his case and continuously reset hearings on the chance that the litigant may later decide to attend one. If it is clear that a moving party deliberately failed to appear at a hearing on the issues he raises, dismissal is appropriate whether or not it further appears that it might have suited his convenience to appear should one be later set."). Particularly in the absence of any effort on Ballew's part to provide any justification for further extensions, the court will not extend the discovery deadline again. Any sanctions other than dismissal are, therefore,

---

[5] In addition, on its own motion, the court stayed this case an additional thirty days to allow time for Ballew to obtain new legal counsel after her lawyer withdrew from the case. (Doc. 46). In that order, the court specifically advised the Ballew that, "regardless of whether she is able to retain counsel, the court will move this case forward even if she must proceed *pro se*."

inappropriate.

In determining that lesser sanctions will not suffice, the court has considered the availability of other sanctions. *See Zocaras v. Castro*, 465 F.3d 479, 484 (11th Cir. 2006) (holding that, in considering whether to dismiss a case under Rule 41(b), "a district court must consider the possibility of alternative, lesser sanctions"). Although the court is not required to explain its consideration of other sanctions, *id.*, the court notes that sanctions are available under Rule 16(f) and Rule 37(b) and (d) for Ballew's failure to comply with this court's scheduling order and for her failure (twice) to attend her deposition. *See Gratton*, 178 F.3d at 1374 ("Rule 37 sanctions are intended to prevent unfair prejudice to the litigants and insure the integrity of the discovery process."); *Goforth*, 766 F.2d at 1535 ("The trial court would also have been justified in dismissing this action under Rule 16(f) of the Federal Rules of Civil Procedure, as a sanction . . . . The sanctions contained in Rule 16(f) were designed to punish lawyers and parties for conduct which unreasonably delays or otherwise interferes with the expeditious management of trial preparation."). Even though the court has the authority and the means under Rules 16 and 37 to force Ballew to attend her deposition, see Rule 16(f)(1) and Rule 37(b)(iv)&(vii),[6] it cannot force her to renew her interest in her complaint. Because Ballew has willfully abandoned her claims, sanctions under Rules 16 and 37 would only cause pointless delay and expense for the court and the

---

[6]The remaining sanctions available under Rule 16 and Rule 37(B)(i)-(iii) and (v)-(vi) would inevitably lead to the dismissal of this case on the merits and, thus, would not afford lesser sanctions than dismissal without prejudice, even though the statute of limitations has expired with respect to Ballew's claims.

Defendants.

In addition, sanctions under Rules 16 and 37 would necessarily be accompanied by an order requiring Ballew to pay the Defendants' reasonable expenses caused by her previous two failures to attend her deposition. *See* Fed. R. Civ. P. 16(f)(2) ("Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses – including attorney's fees – incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust."); Fed. R. Civ. P. 37(b)(2)(C) & (d)(3) (same). As a matter of law, Ballew's *in forma pauperis* status does not preclude the imposition of monetary sanctions under Rule 37. (Docs. 2 & 4); *see Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that, under Rule 37, "[c]ourts can assess costs and monetary sanctions against IFP litigants" and *pro se* litigants just "like any other litigant"). Regardless of financial status, "[n]o one should be permitted to misuse the courts with impunity." *Id*. at 838. However, in light of Ballew's financial situation, the court finds that dismissal under Rule 16 or 37 would be significantly more drastic than dismissal without prejudice under Rule 41(b). Accordingly, at this time, the court concludes that dismissal under Rule 41(b) is, in fact, the least drastic effective remedy for Ballew's failure to attend her deposition and to prosecute this case.

However, Ballew is specifically cautioned that, should this case be reopened, the court will reconsider imposition of monetary sanctions under Rule 37, including the payment of reasonable costs and attorneys' fees, to prevent unfair prejudice to the Defendants. Ballew

is further specifically cautioned that, although the court has not at this time made any findings with respect to the allegation that she knowingly made a number of material misrepresentations under oath, the issue of perjury may become a material issue if the case is reopened. In that event, if, after a full and fair hearing, Ballew is found to have perjured herself, more severe sanctions could be imposed.

## Conclusion

For the reasons stated above, and for good cause, it is **ORDERED** as follows:

1. that the motion to dismiss or compel (Doc. 49) filed by Defendant Ranstad Inhouse Services, L.P., be and is hereby **GRANTED** in **PART** to the extent that the case is hereby dismissed without prejudice;

2. that the motion to dismiss or strike the complaint or apply adverse inferences or compel and for other relief (Doc. 50) filed by Defendant ER Solutions, Inc., be and is hereby **GRANTED** in **PART** to the extent that the case is hereby dismissed without prejudice;

3. that all other relief requested by the Defendants be and is hereby **DENIED**; and

4. that this case be and is hereby **DISMISSED without prejudice**, with costs taxed against the Plaintiff for which execution may issue.

Done this 27th day of June, 2012.

                                         /s/Charles S. Coody
                                        CHARLES S. COODY
                                        UNITED STATES MAGISTRATE JUDGE